JULIA SMITH GIBBONS,
Concurring.
I concur in the conclusion that Harvell is entitled to qualified immunity but disagree that probable cause existed for Jolley’s arrest. While it is doubtless correct that there ordinarily would be probable cause to arrest an individual whose eyes are bloodshot and who pauses longer than might be expected at a stop sign and fails to complete a one-leg-stand test, I am convinced, after reviewing the tape of this arrest, that no reasonable officer could have believed that Jolley was under the influence of marijuana or alcohol. Jolley’s demeanor and speech during his rather protracted exchange with Harvell are so strongly suggestive of sobriety as to exclude a reasonable conclusion that Jolley was under the influence of an intoxicant. I see nothing in the record, however, that would deprive Harvell of qualified immunity for his mistaken and unreasonable conclusion that probable cause existed. Harvell’s mistakes do not rise to the level of incompetence required to strip him of the protection of qualified immunity, and there is no indication in this record that he knowingly violated the law. See Hunter v. *491 Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam) (“The qualified immunity standard ‘gives ample room for mistaken judgments’ by protecting ‘all but the plainly incompetent or those who knowingly violate the law.’ ”).
As to Jolley’s other claims, I agree with the majority’s resolution of the defamation claim. Its disposition of the malicious prosecution claim is correct as well, under its determination that there was probable cause for Jolley’s arrest. While I disagree about the probable cause determination and would affirm the dismissal of the malicious prosecution claim for reasons other than those cited by the majority, a lengthy discussion of the other issues relating to this claim in a separate opinion would serve no useful purpose.
For these reasons, I concur in the result only.